## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

PATRICK GUILLORY,

<table>
<tr><td></td><td>Plaintiff,</td><td></td></tr>
<tr><td>v.</td><td></td><td>5:21-CV-1177<br>(DNH/ATB)</td></tr>
<tr><td>CROUSE HOSPITAL, et. al,</td><td></td><td></td></tr>
<tr><td></td><td>Defendants.</td><td></td></tr>
</table>

PATRICK GUILLORY, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

### ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint brought pursuant to 42 U.S.C. § 1983, filed by plaintiff Patrick Guillory. (Dkt. No. 1) ("Compl.").  Plaintiff has also moved to proceed in forma pauperis. (Dkt. No. 3).

## I.  **IFP Application**

Plaintiff declares in his IFP application that he is unable to pay the filing fee. (Dkt. No. 3).  After reviewing his application, this court finds that plaintiff is financially eligible for IFP status.

However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

## II.  **Complaint**

Plaintiff states that he filed a "complaint" against defendants Nursing Supervisor and Charge Nurse, employees of defendant Crouse Hospital, on October 18, 2021. (Compl. at 6). The complaint concerned plaintiff's opinion that the defendants were

not "providing safe discharge plans." (*Id.*). Plaintiff then states that on October 27, 2021, he entered Crouse Hospital at 2:30 p.m. to visit his "soon to be wife." (*Id.*). With him, plaintiff brought "a framed poster of Tu-pac and some sliced cheese[.]" (*Id.*). He told the Nursing Supervisor and Charge Nurse that he "want[ed] to make sure she can[ ] have the poster." (*Id.*). Plaintiff alleges that he proceeded to his girlfriend's room and "clipped" and "filed" her nails. (*Id.*). After approximately thirteen minutes, defendant Crouse Security Staff "rolled up on [plaintiff] two deep . . . asserting that [he] had to leave." (*Id.*). Plaintiff alleges that he responded by stating he did not do anything wrong, and "call the police . . . I'm not going nowhere [sic]." (*Id.*). Plaintiff states that he and his girlfriend were eventually surrounded by seven Crouse Security Staff officers. (*Id.*). Plaintiff states that he recognized one of the officers as a "brother from [plaintiff's] hood." (*Id.*). That officer allegedly asked plaintiff to "come on man just go . . . I know there is no reason but we have to listen to the nurses." (*Id.*). Plaintiff responded by asking why they were "kicking [him] out for nothing in the middle of . . . doing [his] baby [sic] nails." (*Id.*) Plaintiff states that he "complied with their racist demands." (*Id.*) Plaintiff alleges that as he was escorted out, a different Crouse Security Staff officer stated, "Dez niggas." (*Id.*)

Plaintiff claims that the defendants are "deemed New York actors" by virtue of their certification by the State of New York. (*Id.*). He alleges that the defendants retaliated against him for "protected conduct . . . i.e. [his] . . . constitutional right to file a complaint." (*Id.*). He demands $500,000 in emotional damages, $600,000 in punitive damages, and more to be determined at trial. (*Id.* at 7).

## III.  **Section 1983**

### A.  **Legal Standards**

A claim for relief under 42 U.S.C. § 1983 must allege facts showing that the defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are generally not state actors, and are therefore not usually liable under § 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); see also *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties. . . .") (internal quotation marks and citation omitted).

For the purposes of section 1983, the actions of a nominally private entity are attributable to the state when: "(1) the entity acts pursuant to the 'coercive power' of the state or is 'controlled' by the state ('the compulsion test'); (2) when the state provides 'significant encouragement' to the entity, the entity is a 'willful participant in joint activity with the [s]tate,' or the entity's functions are 'entwined' with state policies ('the joint action test' or 'close nexus test'); or (3) when the entity 'has been delegated a public function by the [s]tate,' ('the public function test')." *Caballero v. Shayna*, No. 18-CV-1627, 2019 WL 2491717, at *3 (E.D.N.Y. June 14, 2019) (citing *Sybalski v.*

4

*Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008)). "The fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state." *Id.* (quoting *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012)).

### B.    Application

Plaintiff is suing Crouse Hospital, a private medical institution, and its employees.  Plaintiff has filed a considerable number of pro se complaints in this District over the past twelve months, and this is neither his first nor second attempt to sue a private actor under § 1983.  *See Guillory v. Benedict*, No. 5:21-CV-073 (GLS/ATB), 2021 WL 707076, at *2 (N.D.N.Y. Feb. 4, 2021), *report and recommendation adopted*, 2021 WL 706644 (N.D.N.Y. Feb. 23, 2021) (dismissing § 1983 claim against private hospital); *Guillory v. Bishop Nursing Home*, No. 5:21-CV-410 (MAD/ATB), 2021 WL 1535474, at *2 (N.D.N.Y. Apr. 19, 2021), *report and recommendation adopted*, 2021 WL 2431259 (N.D.N.Y. June 15, 2021) (dismissing § 1983 claim against privately owned, for-profit care facility).

In an effort to adequately plead state action in this case, plaintiff alleges that the named defendants should be deemed state actors because they are "certified by the State of New York," presumably as licensed health care providers.[1]   Plaintiff's argument is unavailing, as it remains well settled in this Circuit that a private hospital, and its employees, are not deemed state actors solely because the state has granted them the authority to practice medicine within its borders.  *See McGugan v. Aldana-Bernier*, 752

---

[1] It is unclear what state certification plaintiff attributes to the defendant Crouse Security Staff officers.

5

F.3d 224, 229 (2d Cir. 2014) (no state action where state endowed private healthcare facility with the authority to treat patients); *White v. St. Joseph's Hosp.*, 369 Fed. App'x 225, 226 (2d Cir. 2010) ("[P]rivate actors and institutions, such as the hospitals . . . named as defendants in [plaintiff's] complaint, are generally not proper § 1983 defendants because they do not act under color of state law."); *Doe v. Rosenberg*, 996 F. Supp. 343, 352 (S.D.N.Y. 1998), *aff'd*, 166 F.3d 507 (2d Cir. 1999) (where state merely licensed private physicians and hospitals to treat patients, but in no way influenced the decisions, its relationship with the hospital defendant was insufficient to pass the close nexus/joint action test). Plaintiff has alleged no other basis upon which this court should find that the defendants are state actors. Accordingly, the district court should dismiss plaintiff's retaliation claim alleged pursuant to § 1983.

## IV.    <u>Opportunity to Amend</u>

### A.    **Legal Standards**

Generally, before the court dismisses a pro se complaint or any part of the complaint sua sponte, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B.    **Application**

The court is recommending dismissal of this action for, among other things, lack

of subject matter jurisdiction.  Thus, any dismissal must be without prejudice.

*Hollander v. Garrett*, 710 F. App'x 35, 36 (2d Cir. 2018).  As there appears no basis for

plaintiff to raise his claims against Crouse Hospital and its employees in federal court,

the court should not allow plaintiff to amend, notwithstanding a dismissal without

prejudice.  Because lack of subject matter jurisdiction is a substantive defect, *Deul v.*

*Dalton*, No. 1:11-CV-0637(GTS/RFT), 2012 WL 235523, at *8 n.19 (N.D.N.Y. Jan. 25,

2012), the court recommends dismissal without leave to amend.

## V.    **Bar Order**

### A.    **Legal Standard**[2]

Courts have always recognized that they may resort to restrictive measures when

responding to vexatious litigants. *In re Martin-Trigona*, 9 F.3d 226, 228-29 (2d Cir.

1993) (noting that the Supreme Court and other Circuits have imposed restrictive

measures). The Court has the obligation to protect the public and the efficient

administration of justice from individuals who have a history of vexatious and

harassing litigation because it imposes needless expense on the parties and an

unnecessary burden on the court. *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000).

In this context, courts have accepted the need for permanent injunctions as a result of

extraordinary patterns of vexatious, harassing, and baffling litigation practices. *In re*

*Aarismaa*, 233 B.R. 233, 247 (N.D.N.Y. 1999); *Toro v. Depository Trust Co.*, No. 97

Civ. 5383, 1997 WL 752729, at *4 (S.D.N.Y. Dec. 4, 1997) (identifying the All Writs

---

[2] This summary of the applicable law quotes liberally from *Yefimova v. Trustco Bank*, No. 1:17-CV-730 (GTS/DJS), 2017 WL 4216987, at *3 (N.D.N.Y. July 31, 2017), *report and recommendation adopted*, 2017 WL 4157337 (N.D.N.Y. Sept. 18, 2017).

Act as a legal basis to impose sanctions and enjoin a plaintiff who abuses the judicial process).

Under the All Writs Act, 28 U.S.C. § 1651, a court may sanction a vexatious litigant who abuses the judicial process by enjoining him from pursuing future litigation without leave of the court. *Malley v. New York City Bd. of Educ.*, 112 F.3d 69, 69-70 (2d Cir. 1997); *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 250 (2d Cir. 2004). An enjoinder may be permanent or may impose the less drastic remedy of a "leave to file" requirement. *In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) (noting the court's ability to levy a leave to file requirement); *Raffee v. John Doe*, 619 F. Supp. 891 (S.D.N.Y. 1985) (granting a permanent injunction restraining the plaintiff from filing any further actions); *In re Aarismaa*, 233 B.R. at 247 (observing that such "restrictive measure[s] have included foreclosing the filings of pleadings in a particular case or requiring that leave of court first be sought").

Before regulating a truculent and persistent litigant by restricting future access to the court, a court should consider

> (1) the litigant's history of the litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, and in particular whether the litigant has a good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Toro v. Depository Trust Co.*, 1997 WL 752729, at *4 (citing *Safir v. U.S. Lines, Inc.*,

8

792 F.2d 19, 24 (2d Cir. 1986)).

**B.    Application**

Plaintiff has displayed a perpetual abuse of the judicial process in this District. As to the first relevant factor, plaintiff has filed ten complaints in the Northern District over the past ten months.  Several of the complaints, like the one currently pending before this court, have been rejected at the initial review stage for lack of jurisdiction.[3] The larger portion of plaintiff's recent, frivolous filings were disposed of after plaintiff sought voluntary dismissal of these claims.[4]  Notably, plaintiff sought dismissal while his claims were actively pending before the court for some capacity of review.  Plaintiff has one other matter currently pending in the Northern District, in which he was afforded an extension of time to amend his complaint and correct the deficiencies therein.  *See Guillory v. Upstate University Police,* No. 5:21-CV-1117 (GLS/ATB) (Dkt. No. 4).  Across the board, plaintiff's filings are replete with vulgarities and unnecessary expletives; they have also become increasingly hostile and disrespectful toward the court.[5]  Plaintiff's aggressive and threatening conduct has compelled another

---

[3] *See Guillory v. Benedict,* 5:21-CV-073 (GLS/ATB), Dkt. Nos. 6, 7; *Guillory v. Bishop Nursing Home*, 5:21-CV-410 (MAD/ATB) (Dkt. Nos. 6, 8).

[4] *See Guillory v. Walsh*, 5:21-CV-506 (GTS/ATB) (Dkt. Nos. 4, 6, 7); *Poirier v. Bishop Rehabilitation and Nursing Home*, 5:21-CV-571 (BKS/ATB) (Dkt. Nos. 5, 6); *Guillory v. Boost Mobile*, 5:21-CV-623 (DNH/ML) (Dkt. Nos. 4, 5); *Guillory v. Clark*, 5:21-CV-647 (GTS/ATB) (Dkt. Nos. 4, 5); *Guillory v. Helio Health,* 5:21-CV-693 (GTS/ATB) (Dkt. Nos. 5, 6); *Guillory v. McMahon,* 5:21-CV-912 (TJM/ML) (Dkt. Nos. 4, 5).

[5]*See, e.g., Guillory v. McMahon*, 5:21-CV-912 (TJM/ML) (Dkt. No. 1) ("Your Honor, you can run your mouth in your R & R . . ."); *Guillory v. Clark,* 5:21-CV-647 (GTS/ATB) (Dkt. No. 1) ("Under penalty of perjury . . . figure it out . . . if you join the defendants crap . . . your [Honor] . . . you are just a racist like them . . ."); *Guillory v. Helio Health*, 5:21-CV-693 (GTS/ATB) (Dkt. No. 5) ("Upon review of the Second Circuit cases, I guess you was fucking right . . . I hope you both make it to the Second Circuit along with your co worker [sic] who

9

judge in this District to permanently recuse herself from his lawsuits.

Second, plaintiff cannot possibly have an objective good-faith expectation of prevailing in his lawsuits. Take, for example, the case presently pending on initial review. This court has repeatedly explained to plaintiff that his unremitting claims against various private entities fail to state a claim under § 1983. Nevertheless, plaintiff persists. It has become clear that plaintiff perceives this court as a venue to air his grievances against all who have wronged him, regardless of whether the alleged injustices actually state a claim for which relief may be granted in federal court. On one occasion, plaintiff admitted that he was seeking dismissal of his frivolous action because, among other reasons, he wrote the complaint while intoxicated. *Guillory v. McMahon*, 5:21-CV-912 (TJM/ML) (Dkt. No. 4).

Third, although plaintiff is a pro se litigant, he has extensive litigation experience in the Northern District of New York that extends back to 2013. Fourth, plaintiff has posed an unnecessary burden on the court because "every paper [he has] filed with the Clerk of this Court, no matter how repetitious or frivolous, [has] require[d] some portion of the institution's limited resources." *In re McDonald*, 489 U.S. 180, 184 (1989). Arguably more frustrating, and burdensome, than plaintiff's frivolous complaints are his post-filing acknowledgments of his meritless claims, *after* the court has invested its time and resources into deciphering the basis of his filings and commenced drafting an opinion.

Fifth, "in light of plaintiff's litigation history, it does not appear that any other

---

slicked [sic] the US [Marshals] on me . . . paranoid and shit.").

sanction, short of an injunction, will be adequate to protect the court from plaintiff's insatiable appetite for continued litigation." *Smith v. Jackson*, No. 5:21-CV-0005 (MAD/ML), 2021 WL 3518327, at *6 (N.D.N.Y. Jan. 11, 2021), *report and recommendation adopted*, 2021 WL 2775003 (N.D.N.Y. July 2, 2021) (citing *Ulysses I & Co., Inc. v. Feldstein*, No. 01-CV-3102, 2002 WL 1813851 (S.D.N.Y. Aug. 8, 2002), *aff'd sub nom, Bridgewater Operating Corp. v. Feldstein*, 346 F.3d 27 (2d Cir. 2003)).

Accordingly, pursuant to 28 U.S.C. § 1651(a) and the court's inherent authority to control and manage its own docket so as to prevent abuse in its proceedings, I recommend that plaintiff be prohibited from making any future pro se filings in this District without prior leave of the Chief Judge. See *Yefimova v. Trustco Bank*, No. 17-CV-0730 (GTS/DJS), 2017 WL 4216987, at *3-4 (N.D.N.Y. July 31, 2017) (recommending a bar order where the plaintiff was deemed a persistent, frivolous litigator), *report and recommendation adopted*, 2017 WL 4157337 (N.D.N.Y. Sept. 18, 2017).

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 3) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED WITHOUT PREJUDICE**, but without the opportunity for amendment, and it is

**RECOMMENDED** that this matter be referred to Chief District Judge Glenn T. Suddaby to issue a pre-filing injunction permanently enjoining plaintiff from filing any other pro se cases in this District without leave of the Chief District Judge, and it is

11

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: November 2, 2021

Andrew T. Baxter
U.S. Magistrate Judge